No. 22480.

ROBERT HOUSTON RUBY *v.* YELLOW CAB, INC., A COLORADO CORPORATION, AND INDUSTRIAL COMMISSION OF THE STATE OF COLORADO (EX-OFFICIO UNEMPLOYMENT COMPENSATION COMMISSION OF COLORADO).

(430 P.2d 463)

Decided July 24, 1967.

MANDELL LEVY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES D. McKEVITT, Assistant, for defendant in error Industrial Commission of the State of Colorado, (Ex-Officio Unemployment Compensation Commission of Colorado).

No appearance for defendant in error Yellow Cab, Inc.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THIS is an unemployment compensation case. For some considerable period of time Ruby was employed by Yellow Cab, Inc., which company will hereinafter be referred to as the employer. The employer discharged Ruby as the result of an "incident" which will be discussed below at greater length. After this employment was terminated, Ruby then sought the unemployment compensation benefits provided by 1965 Perm. Supp., C.R.S. 1963, 82-4-8. After hearing, Ruby's request for such benefits was denied, the basis for the denial being the determination by the Industrial Commission that under 1965 Perm. Supp., C.R.S. 1963, 82-4-8(6)(a) "No Award" should be granted him.

Upon judicial review of this administrative determination, the trial court, with no explanatory statement insofar as the record before us is concerned, simply affirmed the action thus taken by the Industrial Commission. By writ of error Ruby now seeks a reversal of the judgment thus entered.

At least a few facts are deemed necessary if this opinion is to have any meaning. Ruby was employed as a "general cleanup man" and a part of his duties was to dispense gas from two sets of gasoline pumps maintained by his employer. It was a company rule that company cabs were to get gas, without charge, from one particular set of pumps; whereas, the employer's several employees were permitted to buy gas at a reduced rate out of the second set of pumps. On the fateful night in question, one of the employer's supervisors discovered Ruby filling the gas tank of his brother's automobile from the set of pumps which under the company rule was to be used *only* by the company cabs. The evidence was that when the supervisor stumbled on the scene, Ruby immediately ceased filling his brother's gas tank, and actually placed only about 65 cents worth of gas in his brother's car.

Ruby had several explanations and excuses for his actions, one of which was that his brother was going

to return and pay for the gas. However, Ruby admittedly knew of the company rule which required that the first set of pumps be used only by the company's cabs. Furthermore, there was testimony to the effect that Ruby guessed he had done "wrong." It was this incident, then, which prompted the employer to discharge Ruby, who thereupon made claim for unemployment compensation benefits.

In the first instance Ruby's claim for benefits was denied by a deputy in the Department of Employment. As we understand it, the deputy did not hold any formal "hearing," as such, but made his determination on the basis of Ruby's written claim, together with certain written statements from Ruby and his employer. In any event, the deputy determined that Ruby was entitled to "No Award" because his unemployment resulted from his own wrongdoing. Specifically, the deputy found that the discharge was "because of theft," and that "No Award" should be granted by virtue of 1965 Perm. Supp., C.R.S. 1963, 82-4-8(6) (b) (xiii).

Ruby appealed this action of the deputy to the referee. After a full hearing, at which time Ruby as well as several of his employer's supervisors testified the referee found no award should be granted because of 1965 Perm. Supp., C.R.S. 1963, 82-4-8(6) (b) (ix). This particular section of the statute provides that no award shall be granted where the employment is terminated because of the employee's violation of a company rule "which resulted or could have resulted in serious damage to the employer's property or interests." It is this judgment which Ruby now seeks to have reversed.

C.R.S. 1963, 82-5-11 provides that in any judicial proceeding where an award of the Industrial Commission is under review the findings of the Commission as to facts are conclusive, if such be supported by substantial evidence. Our review of the record convinces us that there is substantial evidence to support the Industrial Commission's determination that Ruby did in fact violate

a company rule. As we understand Ruby's testimony in this regard, he in effect concedes that he broke a company rule, though he does offer several excuses for his conduct. However, these excuses were in no sense "binding" on the Commission. Nor do they in any manner alter the fact that there has been a violation of a company rule. Under the circumstances this finding cannot be disturbed by us.

Ruby alternatively argues that even if it be deemed that he did break a company rule, he is nonetheless still entitled to a "fifty per cent of full award" under the provisions of 1965 Perm. Supp., C.R.S. 1963, 82-4-8 (5), (a) and (b). As applied to the present factual situation, that particular section provides for a fifty per cent of full award even though there is a violation of a company rule, if such violation did not or could not have resulted in serious damage to the employer's property or interests. And in this particular we agree with Ruby, as in our view there is no substantial evidence which would support any determination that Ruby's violation of a company rule resulted in serious damage to his employer.

It should be kept in mind that the Commission "cleared" Ruby of stealing from his employer. And this finding of fact is binding upon this court upon review. This, then, being the situation, Ruby's discharge was found to have been caused, not by any act of thievery, but only because of a violation of a company rule. And under the aforementioned statute, though one be discharged for a violation of a company rule, he is nonetheless still entitled to a fifty per cent award where the violation "did not or could not" result in serious damage to the employer's property or interests. There is an additional requirement that the violation in question be not a "second consecutive separation," but this provision had no application to the present controversy. Without going into detail, we conclude that this violation which at the most resulted in a loss to the employer of 65

cents worth of gas is not of such enormity as to disqualify Ruby from all unemployment compensation benefits. In other words, there is no substantial evidence tending to show that Ruby's violation of a company rule could, or actually did, seriously damage his employer's property or interests. Hence, this is a case that comes within the purview of 1965 Perm. Supp., C.R.S. 1963, 82-4-8(5)(a) and (b).

The judgment is reversed and the cause remanded with directions to the trial court that it remand the matter to the Industrial Commission with the order that Ruby be awarded a fifty per cent award.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.