No. 22897.

MARY A. BEATTY *v.* AUTOMATIC CATERING, INC., EMPLOYER, AND INDUSTRIAL COMMISSION OF THE STATE OF COLORADO (EX-OFFICIO UNEMPLOYMENT COMPENSATION COMMISSION OF COLORADO).

(438 P.2d 234)

Decided March 11, 1968.

DAVID W. SARVAS, L. L. NATHENSON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT L. HARRIS, Assistant, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THIS is an unemployment compensation case. Mary A. Beatty was employed by Automatic Catering, Inc. at one of its service locations, 777 Grant Street, Denver, as a coin machine collector and attendant until her discharge on February 27, 1964. According to her employer, her severance from employment was due to several actions on her part which indicated insubordination and a lack of willingness to accept instruction. Her request for unemployment compensation, after hearing before a referee of the Industrial Commission, was denied. The Industrial Commission determined that

a "no award" should be granted pursuant to C.R.S. 1963, 82-4-8(5)(b)(i), which defines "insubordination" as a basis for a denial of compensation.

Claiming that the finding of insubordination and the "no award" grant of the Industrial Commission were contrary to the evidence presented at the hearing, employee Beatty sought reversal on review to the trial court. The action of the Commission was affirmed by the trial court and judgment was entered accordingly. By writ of error, Mrs. Beatty seeks reversal of this judgment. Her argument hinges on the lack of evidence to sustain the findings of the Industrial Commission and the judgment of the trial court.

In our view, the Industrial Commission's findings of fact, being mostly statements of diverse testimony, do not come within the ambit of "insubordination" as described, defined, or contemplated by our statute. The pertinent portions of C.R.S. 1963, 82-4-8 are:

\* \* \* \* \*

"(5) No award:
As a guide to the department in the administration of this chapter, the general assembly determines that no award of benefits shall be granted to a claimant who is unemployed as a result of any of the following conditions, as determined by the department. . . ."

\* \* \* \* \*

"(b) Being discharged from employment because of:

\* \* \* \* \*

"(i) Insubordination such as: Refusal to obtain or renew licenses which are necessary to permit the claimant to perform his job; failure to keep in good standing with the union by nonpayment of dues; repeated acts of agitation against employer working conditions, pay scale, policies, or procedures; provided, that orderly action on the part of an employee or employees, or through union negotiation, shall not be so considered if such action does not interfere with work performances; de-

liberate disobedience of a reasonable instruction of an employer or his duly authorized representative;"

\* \* \* \* \*

Our examination of the transcript of the testimony before the referee of the Industrial Commission reflects that the focal issue upon which the Commission found the employee to be guilty of "insubordination" involved the marking of her time card at 3:00 P.M. as her departure time, when, in fact, she left her place of employment prior thereto. The testimony reveals actual departure time at no more than ½ hour before 3:00 P.M. The claimant's established hours of duty were from 7:00 A.M. to 3:00 P.M. Her uncontroverted testimony, however, was that the president of the company had given her permission to go to the bank on company time for change needed at the job location. It was for this reason she left early on this occasion.

The vice president of the employer company, the only employer representative who testified at the hearing, related two other types of incidents which he claimed were demonstrative of insubordination on the part of the claimant. These also appear to have been quite pertinent in the Commission's findings and at least partially influenced the "no award" grant. The first incident happened about one month before the claimant's discharge and concerned a call placed by her to the office of the company reporting that she was at home, but when company personnel went to the 777 Grant operation, they found her on the job. However, the claimant's uncontroverted testimony was that this was her way of drawing attention to the lack on her employer's part in providing pie containers and cellophane bags promised at the location of her employment for a period of several weeks.

The other incident involves phone calls received at the office from persons who called at the request of the claimant. As described by the vice president, these calls related to "certain pertinent matters pertinent to

the operation of the cafeteria." Company policy was that employees were instructed "never to discuss company business with anybody other than company officials." However, there are *no* facts in the record which demonstrate that these "pertinent matters" were "company business," as company business is commonly understood even in layman's terms. The claimant's undisputed testimony was to the effect that she did instruct some individuals, in the event of her absence after 3:00 P.M. to call the office for a serviceman, if they had complaints that the machines were not working.

Here, the uncontroverted testimony of the claimant that she had permission to go to the bank on company time appears clearly to be conflicting with the requirement that the employee be on duty at her place of employment from 7:00 A.M. to 3:00 P.M. each working day, and that her beginning and ending times be recorded on her time card in accordance with company instructions. Under these circumstances, the time card incident does not appear to be of the character of "deliberate disobedience of a reasonable instruction" which is the basis for a "no award" grant as contemplated in C.R.S. 1963, 82-4-8 (5) (b) (i), *supra.*

██ Insubordination connotes a wilful, deliberate, or purposeful refusal to follow the reasonable directions or instructions of the employer. There is no evidence of this character as shown from the record with reference to these three incidents, although the vice president of the employer company testified "Mrs. Beatty was discharged for an accumulation of insubordinate acts, the culmination of which was a dishonest act." The evidence as shown from the record fails to lend any support to this testimony which of itself lacks any probative value, and amounts only to the witness' conclusion of law, which the Commission referee should have disregarded entirely.

 C.R.S. 1963, 82-5-11 provides that in any judicial proceeding where an award of the Industrial

Commission is under review the findings of the Commission as to facts are conclusive, if such be supported by substantial evidence. Where there is no substantial evidence to support the Industrial Commission's determination, it should be set aside or ordered changed to conform with the evidence. *Ruby v. Yellow Cab, Inc.,* 163 Colo. 297, 430 P.2d 463.

 It is our conclusion, after a minute examination of the record including all the testimony presented before the referee of the Industrial Commission, that the primary incident involving the time card which precipitated the discharge of the claimant and the two other contributing incidents do not, as a matter of law, constitute acts of insubordination or acts of deliberate disobedience of a reasonable instruction of an employer. The evidence fails to support the findings of the Commission and the "no award" grant. The trial court therefore committed error in affirming the findings and determination of the Industrial Commission.

The judgment is reversed and the cause remanded with directions to the trial court to remand the matter to the Industrial Commission with the order that the claimant herein be awarded unemployment compensation.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McWILLIAMS and MR. JUSTICE PRINGLE concur.