529 P.2d 651 (1974)
Craig HENDERSON, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) and Frontier Airlines, Inc., Respondents.
No. 74-231.
Colorado Court of Appeals, Div. I.
December 17, 1974.
Frederick P. Charleston, Denver, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colo. (Ex-Officio Unemployment Compensation Commission of Colo.).
Selected for Official Publication.
RULAND, Judge.
Petitioner (claimant) seeks this review of an order of the Industrial Commission dismissing his appeal from a decision denying his claim for unemployment compensation. We reverse and remand for further proceedings.
Claimant was employed by Frontier Airlines from 1967 until he was discharged on October 26, 1973. Claimant filed an unemployment claim with the Division of Employment on December 13, 1973. The claim form showed claimant's address as 3030 Krameria St., Denver, Colorado. The employer filed a written response contending that claimant was discharged for misconduct, including habitual tardiness and reckless operation of equipment. The Division therefore mailed a request for information to claimant on January 7, 1974, at the Krameria St. address, but no response was received. The Division then entered a decision on February 19, 1974, denying claimant benefits, and a copy of this decision was also mailed to the Krameria St. address.
On March 20, 1974, claimant filed a notice of appeal asserting that his employer was responsible for termination of his employment. Claimant acknowledged that the appeal was not timely but explained that he and his wife had been separated for several months, that he was no longer residing at the Krameria St. address, and that a copy of the decision was not forwarded to him, thereby preventing him from filing a timely notice of appeal. This appeal was dismissed by the Division on the basis that it had no jurisdiction because the notice of appeal was not timely filed.
*652 Claimant then appealed the order of dismissal to the Commission. Attached to his notice of appeal was an affidavit by claimant's mother reciting that in December of 1973 she had accompanied the claimant to the Division of Employment where she had informed a female employee that future notices should be sent to her son at 3435 East 27th Ave. in Denver. The affidavit recited that the employee appeared to write the information down and that the affiant believed she could identify the employee. The Commission does not require by rule that notification of change of address be in writing.
The record also reflects that claimant was employed in the state of Oregon for one day on February 4, 1974, and based upon his employment there, an interstate unemployment compensation claim was filed with the Division showing claimant as residing at 883 North Lombard in Portland. However, it is not clear whether this information was received prior to the Division's initial decision on claimant's Colorado unemployment compensation claim. In any event, the Commission affirmed the Division on the basis that it had no jurisdiction to consider an untimely appeal. We disagree.
Colo. Sess. Laws 1972, ch. 75, 82-5-2(2), provides:
"The deputy shall promptly notify the claimant and any other interested party of the [Division's] decision . . . . Unless the claimant or any such interested party, within eleven calendar days either after the delivery of the deputy's notification or after such notification was mailed to his last known address, whichever occurs first, files an appeal from such decision, such decision shall be final . . . ." (emphasis added)
An order entered by the Commission without proper notice to a claimant is invalid, and the Commission retains jurisdiction to correct such errors. See James v. Irrigation Motor and Pump Co., Inc., Colo., 503 P.2d 1025. When, as here, claimant alleges in a request for review that the Division's decision was not sent to his "last known address" because the Commission was informed that claimant was not located at that address, then the Commission must conduct a hearing to determine if claimant's allegation is true, see Mineral Farm Mining Co. v. Barrick, 33 Colo. 410, 80 P. 1055, and if true whether the request for review was made within eleven days after a copy of the decision was actually delivered.
The order is set aside and the cause remanded to the Commission with directions for further proceedings consistent with the views herein expressed.
COYTE and STERNBERG, JJ., concur.