540 P.2d 358 (1975)
Cal ALLEN, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado) and Ruan Transport, Inc., Respondents.
No. 75-028.
Colorado Court of Appeals, Div. I.
August 12, 1975.
*359 Frederick P. Charleston, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Edward G. Donovan, Sol. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colo. (ex-officio Unemployment Compensation Commission).
Selected for Official Publication.
ENOCH, Judge.
Cal Allen petitions for review of an order of the Industrial Commission of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado) disqualifying him from the receipt of any unemployment benefits for a period of 25 weeks. We set aside that order.
Allen was employed for eight years by respondent Ruan Transport, Inc., as a truck driver. On April 23, 1974, the truck which Allen was driving rolled onto its side on Highway 40 at the first switchback curve west of the town of Berthoud Falls. As a result of that incident, he was discharged.
*360 The referee, in his findings and conclusions which were adopted by the Commission, found that Allen was convicted of driving in excess of 35 miles per hour in a posted 20 miles per hour zone and that he did not exercise due caution inasmuch as he was driving in excess of the posted speed limit while transporting a load of antifreeze in an unfamiliar tank truck over an unfamiliar road.
Section 8-73-108(6) (h), C.R.S.1973, provides for disqualification where the employee has been found to be guilty of:
"Insubordination such as: Deliberate disobedience of a reasonable instruction of an employer . . . ."
Relying on this statutory provision, the referee concluded that Allen was disqualified from receiving unemployment benefits.
The record reveals that all of the pertinent evidence presented by the employer was hearsay. Though hearsay evidence may be received, it alone cannot be the basis of the Commission's order. Olivas v. Industrial Commission, 33 Colo.App. 78, 515 P.2d 110. Furthermore, a critical part of the findings is not even supported by hearsay evidence. Allen was never tried or convicted of speeding 35 miles per hour in a 20 miles per hour zone. He was, as admitted by Allen, ticketed and stood convicted of the charge of careless driving at the time of the referee's hearing but that conviction was subsequently set aside and the Commission was so advised before its review of the case. Though a conviction, or the reversal of a conviction, is not necessarily determinative of the employee's right to compensation, the Commission apparently gave no consideration to the reversal of Allen's conviction and made no change in the referee's findings to reflect the true facts.
Allen did admit that he may have been driving 21 or 22 miles per hour as he went into the upgrade of the curve which has a posted speed limit of 20 miles per hour but stated that it was not the speed that caused the accident. According to Allen, he made his turn too tight, having miscalculated the width of the road at the curve, and the delayed shifting effect of the antifreeze caused the truck to roll over as the truck was coming out of the curve. It is undisputed that the employer had assigned him a truck that day with which he was unfamiliar, that he was not familiar with the road, and that he had not handled a load of antifreeze for some time, perhaps only three times in the past eight years, and never before in the mountains. A bulk load of antifreeze in a gasoline type tank truck has peculiar weight shifting characteristics because it is denser than gasoline and the tanks can be only partially filled because of weight limitations.
However, whether Allen was negligent is not the issue. The question is whether this evidence supports a conclusion that Allen was guilty of insubordination in that he deliberately disobeyed a reasonable instruction of his employer. We note that there is no competent evidence showing that any instructions were issued to Allen by the employer. We will, however, assume as the Commission did that the employee was at least implicitly instructed not to exceed posted speed limits and not to damage the employer's equipment. Even assuming such instructions, the record is devoid of any substantial evidence of deliberate disobedience.
The words "deliberate disobedience" have been the subject of concern previously in this jurisdiction. The latest pronouncement was made in Beatty v. Automatic Catering, Inc., 165 Colo. 219, 438 P.2d 234, where the court held that, "Insubordination connotes a wilful, deliberate, or purposeful refusal to follow the reasonable directions or instructions of the employer." Though the facts in the instant case are quite different we conclude, as the court did in Beatty, that there is no substantial evidence that Allen's actions constituted a "wilful, deliberate or purposeful refusal" to follow directions.
On judicial review of unemployment proceedings, the findings of the Commission as to the facts, if supported by the *361 evidence, shall be conclusive. Section 8-74-109, C.R.S.1973. However, where there is no substantial supportive evidence, as in this case, the Commission's determination must be set aside. Ruby v. Yellow Cab, Inc., 163 Colo. 297, 430 P.2d 463. Furthermore, in construing the Colorado Employment Security Act, the court should apply a construction which favors the claimant. Orr Construction Co., Inc. v. Industrial Commission, 33 Colo.App. 326, 522 P.2d 117, aff'd Colo., 534 P.2d 785.
It is our conclusion that the accident and the attending circumstances do not, as a matter of law, constitute acts of insubordination or acts of deliberate disobedience of a reasonable instruction of the employer.
The order is set aside and the cause remanded with directions that the claimant herein be awarded unemployment compensation.
COYTE and BERMAN, JJ., concur.