In the Matter of the Claim of Dick
DAMON, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and Colorado Disposal, Inc., Respondents.

No. 83CA0043.

Colorado Court of Appeals,
Div. II.

Dec. 22, 1983.

**432**

Kent Denzel, Commerce City, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Patricia A. Blizzard, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Robert G. Good, Littleton, for respondent Colorado Disposal, Inc.

KELLY, Judge.

Claimant seeks review of a final order of the Industrial Commission reducing his unemployment compensation benefits for violating a company rule. *See* § 8–73–108(9)(a)(VII), C.R.S.1973 (1982 Cum.Supp.). He contends that the employer failed to carry its burden of establishing that his violation of the rule was material to the performance of his duties. We set aside the order.

Claimant was a heavy equipment operator at the employer's landfill. After his hiring, the employer instituted a policy requiring all workers to have a valid driver's license. The claimant's license was subsequently revoked, and he was discharged for violating the license policy, although the employer's witness testified that the claimant was in other respects a good employee.

The Commission found that claimant was discharged for violating the employer's license rule and reduced his benefits, stating that the employer was compelled to discharge claimant for its "own protection, because of liability reasons and because of certain enforcements that had to be adhered to concerning [its] insurance coverage." The record is devoid of any evidence justifying these conclusions.

■ When an employee is discharged for violating a company rule, benefits may not be reduced under § 8–73–108(9)(a)(VII), unless the violation could have resulted in "serious damage" to the employer's interests or endangered the "life of the worker or other employee." *Cf. Casias v. Industrial Commission,* 38 Colo.App. 261, 554 P.2d 1357 (1976). Here, the employer presented no evidence that the claimant's lack of a driver's license was injurious to its interests or that it created a significant safety risk to the claimant or to other employees. A driver's license is evidence of competence to operate motor vehicles on a public highway, *see* § 42–1–102 and § 42–2–101(1), C.R.S.1973, but is not required to operate heavy equipment on the premises of a private landfill.

■ Since there was no evidence presented to show that the claimant's lack of a driver's license was material to his ability to perform properly and safely the duties for which he was employed, the order must be set aside. Section 8–74–107(4), C.R.S.1973 (1982 Cum.Supp.); *Allen v. Industrial Commission,* 36 Colo.App. 330, 540 P.2d 358 (1975).

We need not determine the other issues raised by the claimant.

The order is set aside and the cause is remanded with directions that the claimant be awarded full unemployment compensation benefits.

SMITH and VAN CISE, JJ., concur.