Cheryl L. **KRIEGEL**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF the STATE OF COLORADO, and Montgomery Ward & Co., Inc.,** Respondents.

No. 84CA0666.

Colorado Court of Appeals, Div. I.

May 16, 1985.

Trimble, Tate & Nulan, Penfield W. Tate, II, Denver, for petitioner.

No appearance for respondent Indus. Com'n.

No appearance for respondent Montgomery Ward & Co., Inc.

STERNBERG, Judge.

Unemployment compensation claimant, Cheryl Kriegel, seeks review of a final order of the Industrial Commission affirming the dismissal of her appeal from the decision of the deputy. We affirm.

Claimant timely appealed a deputy's adverse decision. However, she failed to appear at the hearing before the referee. The following day, October 28, 1983, the referee mailed her a notice of withdrawal of appeal, stating that the decision of the deputy would become final unless, within fifteen days, claimant showed good cause for her failure to appear.

On February 17, 1984, claimant filed another notice of appeal, accompanied by an affidavit. She stated that she had not received notice of the time and date of the hearing. She admitted that she had received the notice of withdrawal, but had not appealed it, because she had misunderstood the deputy's decision, and believed she would receive full benefits in February.

The appeals referee found that the original deputy's decision clearly set out the amount of disqualification, and, therefore, claimant's misunderstanding did not consti-tute good cause for failure timely to appeal the notice of withdrawal. He specifically declined to address the issue of her failure to appear at the scheduled hearing. The Industrial Commission adopted and affirmed the referee's decision.

Citing *Allen v. Industrial Commission,* 36 Colo.App. 330, 540 P.2d 358 (1975), claimant contends that the appeals referee's decision cannot stand because it was based solely on hearsay evidence. She also argues that a hearing should have been held on the issue of whether she had good cause for failure to appear at the hearing.

Section 8–74–106(1)(b), C.R.S. (1984 Cum. Supp.) provides that petitions for review of a referee's decision "may be accepted out of time only for good cause shown and in accordance with regulations adopted by the commission." Industrial Commission Rule 12, 7 Code Colo.Reg. 1101–2 provides that good cause determinations are to be made based on the Commission's file and sworn statements filed by the interested parties. A hearing will be held only if deemed appropriate by the appeals referee. *See* Industrial Commission Regulation 12.1.12.

█ Therefore, the Industrial Commission regulations, enacted pursuant to an express grant of authority from the General Assembly, provide for the determination of good cause based in part on the Commission's file. That file would properly be admissible as a business record under CRE 803(6). Thus, claimant's reliance on *Allen v. Industrial Commission, supra,* is misplaced: the good cause ruling was not based *solely* on evidence barred by the hearsay rule.

█ Claimant correctly contends that, generally, the Commission is required to grant a good cause hearing where a claimant alleges that she was not given proper notice of the hearing before the referee. *See Henderson v. Industrial Commission,* 35 Colo.App. 124, 529 P.2d 651 (1974). However, here, in its notice of withdrawal of appeal, the Commission gave claimant the opportunity for a hearing on the issue of good cause for her failure to appear.

The appeals referee found, based on substantial evidence, that claimant failed without good cause timely to take advantage of that opportunity, and we are bound by that determination. *See Mohawk Data Sciences Corp. v. Industrial Commission,* 671 P.2d 1335 (Colo.App.1983).

Order affirmed.

PIERCE and BERMAN, JJ., concur.