Robert J. SHORT, Petitioner,

v.

STEVES HOLIDAY LIQUORS, INC.,
and the Industrial Commission of
the State of Colorado, Respondents.

No. 86CA0340.

Colorado Court of Appeals,
Div. III.

Sept. 4, 1986.

Miller, Makkai & Dowdle, Randall C. Arp, Denver, for petitioner.

No appearance for respondent Steves Holiday Liquors, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz-Hernandez, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

BABCOCK, Judge.

Claimant, Robert J. Short, seeks review of a final order of the Industrial Commission denying his claim for unemployment compensation benefits. We affirm.

As an employee of Steves Holiday Liquors, Inc. (employer), claimant checked employer's daily receipts and kept employer's books. At the end of each evening, claimant counted the money and ran an adding machine tape of the daily receipts.

Claimant was terminated by employer because of an incident which occurred at the end of his shift on July 30, 1985. The first adding machine tape run by claimant for that day indicated an overage of $16.35. Claimant testified that he felt such a large overage would make him and his employees look bad, so he modified two numbers on the tape and then ran a second tape using the modified numbers, which indicated an overage of only $1.35. After removing the $15 difference, claimant placed the second tape with the day's receipts. Before claimant's return to work, however, employer found the first tape on the floor. Upon comparing the first tape with the tape that was with the receipts, employer discovered the discrepancy and contacted claimant. The extra $15 was rung up as business for that day. Claimant was thereafter terminated.

The Commission found that claimant had not been instructed to make the books balance and that employer relied solely upon claimant's preparation of records of the business that was transacted. It further

found that claimant intentionally falsified employer's records for his own reasons. The Commission concluded that claimant therefore was responsible for his separation from employment, and it reduced his benefits pursuant to § 8–73–108(5)(e)(VII), C.R.S. (1985 Cum.Supp.).

Claimant contends that the Commission's decision was erroneous as a matter of law because there is no evidence in the record to support application of § 8–73–108(5)(e)(VII), C.R.S. (1985 Cum.Supp.). That subsection states that an individual may be disqualified from the receipt of benefits if separation from employment results from "[v]iolation of a statute or of a company rule which resulted or could have resulted in serious damage to the employer's property or interests or could have endangered the life of the worker or other employees, such as … intentional falsification of expense accounts, inventories, or other records or reports." Claimant argues that his intentional falsification of records alone is insufficient under this subsection to reduce benefits; rather, he asserts that it must further be shown that his action was a violation of a statute or company rule and that the violation resulted or could have resulted in serious damage to employer's property or interests. Claimant's argument is legally correct, but we affirm the order because the Commission reached the proper result under the wrong statutory subsection.

Here, the evidence established that the $15 temporarily unaccounted for following claimant's falsification of the tapes was rung up on the next day's business, and no other evidence was presented whether claimant's falsification could have resulted in any other damage to employer's property or interests. Therefore, although the Commission's finding that claimant intentionally falsified employer's records is supported by substantial evidence, the record does not support application of § 8–73–108(5)(e)(VII), C.R.S. (1985 Cum.Supp.). *See Ruby v. Yellow Cab, Inc.,* 163 Colo. 297, 430 P.2d 463 (1967); *In re Claim of*

*Damon v. Industrial Commission,* 677 P.2d 431 (Colo.App.1983).

However, § 8–73–108(5)(e)(XVI), C.R.S. (1985 Cum.Supp.) permits disqualification if separation from employment results from "[f]ailure to properly … account for the employer's property when this obligation is an essential part of the job." Here, the Commission found that claimant was responsible for the separation because of his improper record keeping in the performance of his duties. These findings are supported by substantial evidence, and the Commission's decision is justified pursuant to § 8–73–108(5)(e)(XVI), C.R.S. (1985 Cum.Supp.). Accordingly, although the Commission cited the wrong statutory subsection, we find no error in its order. *See Stevenson v. Industrial Commission,* 705 P.2d 1020 (Colo.App.1985).

Order affirmed.

PIERCE and TURSI, JJ., concur.