Phil **TRUJILLO**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF the STATE OF COLORADO** and Safeway Stores, Inc., Respondents.

No. 86CA0557.

Colorado Court of Appeals, Div. I.

Feb. 12, 1987.

Law Office of Jonathan Wilderman, Eugene A. Duran, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Holland & Hart, Gregory A. Eurich, Sandra Goldman, Denver, for respondent Safeway Stores, Inc.

CRISWELL, Judge.

Claimant, Phil Trujillo, seeks review of a final order of the Industrial Commission (Commission) which dismissed his untimely appeal from the referee's denial of his unemployment compensation claim. We set aside the Commission's order and remand for further proceedings.

A deputy initially determined that claimant, who lived in Durango, was disqualified from receiving unemployment compensation benefits for the maximum statutory period. Claimant then timely appealed that decision to a referee.

By notice apparently mailed to claimant on September 9, 1985, he was advised that a "telephone conference hearing" would be held before an appeals referee in Grand Junction, on September 19. This notice required claimant to advise this appeals referee of a telephone number at which he could be reached at the time scheduled for this hearing. Claimant apparently contacted the referee in Grand Junction and requested a postponement of this telephone hearing. On September 12, therefore, a

letter was sent to claimant advising that the September 19 hearing had been postponed and that a new time and date would be set later.

On September 16, another notice of a telephone conference hearing was sent to claimant, advising that such a hearing would be conducted by an appeals referee in Denver on September 26, and again requesting that claimant contact that referee, in writing, and provide to him the telephone number at which he could be reached.

On September 30, four days later, the appeals referee entered an order dismissing claimant's appeal because of his "failure to appear at the time and place scheduled" for the hearing. This order contained a notice to claimant that such dismissal order would become final after fifteen days unless he could demonstrate good cause for his failure to appear.

Claimant did nothing until December 19, when, acting pro se, he filed an appeal from the referee's decision, attaching a written statement (later sworn to) asserting that he had not received a copy of the notice of the dismissal of his former appeal until December 11, when he personally picked up a copy from the Durango employment office.

On March 5, the Commission, for reasons summarized below, entered its written order concluding that claimant had failed to establish good cause for the untimely filing of his appeal from the referee's order and, therefore, the order had become final.

On March 17, claimant petitioned the Commission to review its order. In doing so, he supplemented his previous written statement by asserting that he had not received *either* the notice which rescheduled the hearing *or* the referee's order dismissing his appeal.

On March 27, the Commission affirmed its previous order, making no reference to the additional facts alleged in claimant's petition for review.

The Commission's order notes that claimant denied receiving a copy of the referee's order until December 11. It also notes that he had presented no evidence that an "ad-ministrative error" in "incorrectly addressing the referee's decision had been made"; that the record showed that claimant had received all other notices sent to him at the same address; and that claimant had offered no reasonable evidence to demonstrate that "there was any problem with the delivery of his mail." It then concluded, generally, that there was no "administrative error"; that claimant had failed "to act reasonably and prudently"; that his untimely filing "was caused by factors solely within his control"; and that, as a consequence, he had not demonstrated the necessary "good cause."

If the Commission intended to label as false the specific factual allegations of claimant's affidavit without affording him an evidentiary hearing upon the issue, it erred.

Section 8-74-106, C.R.S. (1986 Repl. Vol. 3B) requires any petition for review of a referee's decision to be filed within 15 calendar days of the date either of personal service or of mailing of a copy of the decision. The statute authorizes untimely petitions to be accepted "only for good cause shown" and in accordance with administrative regulations.

Industrial Commission Regulation § 12.1, 7 Code Colo. Reg. 1101–2 requires that a statement supporting or opposing the late filing of a petition to review be sworn and "demonstrate the basis" for a finding of good cause. This regulation, § 12.18, sets forth a number of factors which may determine the existence of good cause, including whether the party received timely notice of the need to act. It specifically contemplates the holding of a hearing if the referee considers it necessary to resolve the question of good cause.

In this case, claimant's sworn statement—that he did not actually receive a copy of the referee's decision until eight days before filing his appeal—would, absent anything more, normally establish prima facie good cause for his filing of a late appeal from that decision. Moreover, nothing within this record directly contradicts that sworn statement.

█ We are not persuaded that the mere fact that an envelope bears a correct address and sufficient postage is a *guarantee* that it was properly and timely delivered. While a presumption of such delivery may arise from those facts, it is a rebuttable one. *See Lucero v. Smith,* 110 Colo. 165, 132 P.2d 791 (1942); *Wiley v. Bank of Fountain Valley,* 632 P.2d 282 (Colo.App. 1981).

Here, even the bare record presented to us would support an inference that claimant did not receive the two notices which he claims he did not receive. When the deputy gave claimant notice of the initial denial of his claim, he responded by appealing that decision; he responded to the notice of the first scheduled hearing by contacting the designated appeals referee; and he responded to the Commission's order denying his petition for late filing by petitioning for review of that order. In short, claimant made an appropriate, timely response to every notice or decision mailed to him, except in the instances of the two notices which he claimed not to have received.

█ Under these circumstances, an adverse credibility inference of the nature drawn here must be based upon more than merely a review of the record itself. *See Kriegel v. Industrial Commission,* 702 P.2d 290 (Colo.App.1985) (as a general rule, good cause hearing necessary to establish the facts underlying any claim that notice was not received); *Henderson v. Industrial Commission,* 35 Colo.App. 124, 529 P.2d 651 (1974) (evidentiary hearing necessary before Commission can reject claimant's sworn statement that the hearing notice was not timely received because it had been sent to his old address after he had provided his new address to Division of Labor).

█ When a sworn statement rebutting the presumption of proper delivery of a mailed notice is presented, the affiant's credibility may well decide the ultimate question presented. But issues of credibility cannot adequately be resolved from the written word alone. An assessment of an affiant's credibility can only be made through consideration of his demeanor while testifying, the reasonableness of his testimony, and his strength of memory.

█ The Commission's order is set aside and this cause is remanded to the Industrial Claim Appeals Office for its reconsideration of the claimant's request to file an appeal out of time in light of the comments herein contained.

PIERCE and TURSI, JJ., concur.