No. 22262.

INDUSTRIAL COMMISSION OF COLORADO (EX-OFFICIO UNEMPLOYMENT COMPENSATION COMMISSION OF COLORADO) AND AETNA LIFE INSURANCE COMPANY v. GEORGENE M. MCINTYRE.

(425 P.2d 279)

Decided March 27, 1967.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James D. McKevitt, Assistant, for plaintiff in error Industrial Commission of Colorado, Ex-officio Unemployment Compensation Board of Review.

Tilly and Graves, for plaintiff in error Aetna Life Insurance Company.

Philip Hornbein, Jr., Roy O. Goldin, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

The plaintiffs in error are the Industrial Commission of the State of Colorado, which will be referred to herein as Commission, and Aetna Life Insurance Company, which will be referred to as Aetna. Both were the defendants in the lower court. The defendant in error, Georgene M. McIntyre, who was the plaintiff in the lower court and the claimant before the Commission, will be referred to herein as Mrs. McIntyre.

By this writ of error the Commission and Aetna are seeking reversal of a judgment entered in favor of Mrs. McIntyre by the district court, which reversed the decision of the Commission denying an award of unemployment benefits under the Colorado Employment Security Act, C.R.S. '53, 82-4-9.

This statute has now been repealed and re-enacted with amendments (Colo. Sess. Laws 1963, Ch. 188). The new statute became effective on July 1, 1963 and is set forth as C.R.S. 1963, 82-4-8. All dates pertinent to the issues of this case are after July 1, 1963 and therefore all references herein will be to C.R.S. 1963, 82-4-8.

Mrs. McIntyre was employed by Aetna from July 1956 until August 21, 1964 when, after transfer three weeks earlier from the mail room to the file room, she

voluntarily resigned her job. She was employed for a period of time thereafter by a school district on a part-time basis and became unemployed prior to making her claim in September of 1964.

A hearing was held before a referee for the Colorado Department of Employment on July 14, 1965, at which time Mrs. McIntyre appeared in person and testified in support of her claim. Testimony was also offered on behalf of Aetna and was substantially that Mrs. McIntyre, during the period of her employment, had been a dependable and satisfactory employee and that she was transferred from her duties in the mail room to the file room because of home office instructions to replace her in the mail room with a male employee.

At this hearing Mrs. McIntyre testified with relation to the material issue here that she was transferred to the file room without notice; that during the short time before her resignation she was required to stand most of the time; and that she had no desk, chair, or place to put her purse, whereas the other file clerks were afforded these facilities. She also testified that, although her pay was the same, nevertheless she felt that this was a demotion, since in her previous position she did have charge of the mail room and was able to be seated most of the time at her desk.

The findings of the referee after the conclusion of the hearing were to the effect that Mrs. McIntyre voluntarily left her employment at Aetna on August 21, 1964 because of dissatisfaction with working conditions, and therefore was not entitled to an award in accordance with C.R.S. 1963, 82-4-8(5)(a)(i). The referee further found that "there was nothing in the evidence to indicate that the file job provided working conditions less favorable than those of other workers engaged in similar work." The Commission sustained these findings and confirmed the no-award order of the referee.

The trial court reversed the no-award order and ordered the Commission to award Mrs. McIntyre such

unemployment compensation benefits as are provided by law. The trial court in its findings stated:

"In this case, there is no substantial evidence to support the award of the Industrial Commission, but on the contrary the evidence supports the claim of the plaintiff that her reasons for resigning fall within the exception as set forth in 82-4-8(3) [sic] (iii):

"The record is clear that the other workers in the filing room were provided with desks and chairs, conveniences which were not supplied to the plaintiff during the three weeks that she worked in the filing room after the transfer. She was required to stand all day; the others were not. It appears to the Court that the above-quoted section of the law was adopted to protect the unemployment benefits of workers against the very situation presented by this case."

The Commission, in its ruling denying any award to Mrs. McIntyre, apparently failed to consider C.R.S. 1963, 82-4-8(3)(b)(iii). Instead, it applied C.R.S. 1963, 82-4-8 (5)(a)(i), which as to the issues of this case is the same as C.R.S. '53, 82-4-9(5)(a)(i). This in substance provides that, as a guide to the department in the administration of this chapter, no award of benefits should be granted to a claimant who quits because of dissatisfaction with standard working conditions or regularly assigned duties.

 It is apparent that the statutory scheme intended by the General Assembly was to provide certain benefits during unemployment if a claimant did not quit because of dissatisfaction with standard working conditions, and that C.R.S. 1963, 82-4-8(5)(a)(i) therefore applies to a claimant who leaves his job where there has been no change in his working conditions but where nevertheless he is dissatisfied with them. This, however, does not apply to the situation we are here concerned with. Mrs. McIntyre, according to her testimony, was fully satisfied with her position in the mail room but was then transferred without notice to the file room, and the conditions under which she worked were not the same

conditions prevailing for other workers performing the same or similar work. In determining the issues of this claim, therefore, the referee should have given consideration to the provisions of C.R.S. 1963, 82-4-8(3) (b) (iii), which states:

"(3) Full award shall be made when the unemployment is the result of one or more of the causes provided in this subsection (3): * * *

"(b) A worker quitting employment because of: * * *

"(iii) A substantial change in the worker's working conditions, said change in working conditions being substantially less favorable to the worker; provided, that requiring a worker to work a different shift shall not be considered a substantial change in working conditions unless such requirement would be a violation of seniority rights which would entitle the worker to shift preferential, but in any such case the burden of proving such seniority rights shall rest upon the worker. No change in working conditions shall be considered substantial if it is determined by the department that the conditions prevailing after the change are those generally prevailing for other workers performing the same or similar work."

█ We agree with the findings and judgment of the trial court, and hold that the Commission's findings and no-award order are not supported by the evidence adduced at its hearing.

The judgment is affirmed.

MR. JUSTICE KELLEY dissenting.

MR. JUSTICE MCWILLIAMS not participating.