Glen D. MARTINEZ, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE of Colorado, (Ex-Officio Unemployment Compensation Commission of Colorado), and Boys Club of Denver, (Employer), Respondents.

No. 82CA0850.

Colorado Court of Appeals, Div. I.

Dec. 2, 1982.

Glen D. Martinez, pro se.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

Holme, Roberts & Owen, Charles J. Kall, Denver, for respondent Boys Club of Denver.

COYTE, Judge.

Petitioner seeks review of a final order of the Industrial Commission denying him unemployment benefits. We set aside the order.

The Commission found that petitioner had voluntarily quit his job and was ineligible for benefits pursuant to § 8–73–108(9)(a)(I), C.R.S.1973 (1982 Cum.Supp.). Petitioner contends that the Commission erred in applying the facts of this case to the above section. We agree. Furthermore, we conclude that applying the proper standard found in § 8–73–108(4)(d), C.R.S. 1973 (1982 Cum.Supp.), claimant is entitled to an award of benefits.

The petitioner was employed as a "branch director" for Boys Club of Denver (employer). As a branch director, petitioner managed a building and supervised four staff members. His salary was $12,500 per year and he worked full time.

Petitioner testified that he quit his job when he was asked to accept a "demotion" to gym teacher or shop director. Petitioner considered the change in duties a demotion because he thought he would lose the respect of the boys at the club and would lose his responsibilities as a supervisor.

The referee found that petitioner voluntarily quit his job because of a change in duties which he thought would be a demotion. He also found that the petitioner would have received the same salary and would not have been demoted "except for a change in titles and some duties." Based on the foregoing, the referee found that § 8–73–108(9)(a)(I), C.R.S.1973 (1982 Cum. Supp.) precludes petitioner from recovering benefits. The Commission affirmed and adopted the referee's order.

Section 8–73–108(9)(a)(I), C.R.S.1973 (1982 Cum.Supp.) provides that an employer shall not be charged for benefits if the employee quits:

"because of dissatisfaction with prevailing rates of pay in that industry, standard hours of work, standard working conditions, or working conditions which generally prevail for other workers performing the same or similar work, regularly assigned duties, or opportunities for advancement."

Petitioner contends that the Commission erred in its application of the law to the facts. We agree.

We view *Industrial Commission v. McIntyre*, 162 Colo. 227, 425 P.2d 279 (1967) as standing for the proposition that where an employee's termination follows a change in his work environment or in his duties the statutory provision concerning dissatisfaction with standard working conditions is inapplicable.

Here, although the Commission made no specific findings as to which portions of § 8–73–108(9)(a)(I), C.R.S.1973 (1982 Cum.Supp.) govern this case, it did find that the petitioner quit his job because of an impending change in duties which he interpreted as a demotion.

Under these circumstances, it was improper to find that the petitioner quit his

job because he was dissatisfied with standard working conditions or regularly assigned duties. Such a finding is proper only when there has been no change in working conditions or duties. *Industrial Commission v. McIntyre, supra.*

However, the referee concluded that the claimant voluntarily quit his job with this employer because of the change in duties which the claimant thought would be a demotion. As branch director, claimant was responsible for the overall supervision and management of Boys Club branch. In the new position of gym instructor or shop instructor, he would not have had supervisory or managerial responsibilities. Under these circumstances, the proposed job transfer involved a substantial change in working conditions as a matter of law. Accordingly, claimant is entitled to a full award of unemployment benefits. Section 8–73–108(4)(d), C.R.S.1973 (1982 Cum.Supp.).

In view of our holding that claimant is entitled to full benefits, we need not address his contention that he was given "false information" concerning his right to call witnesses at the hearing before the referee.

The order is set aside and the cause is remanded with directions to award claimant full unemployment benefits.

BERMAN and STERNBERG, JJ., concur.