Denise L. STERN, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the
STATE OF COLORADO (Ex-Officio
Unemployment Compensation Commis-
sion of Colorado) and the University of
Colorado, UMC Food Service, Respon-
dents.

No. 80CA1005.

Colorado Court of Appeals,
Div. I.

April 21, 1983.

As Modified on Denial of Rehearing
May 12, 1983.

Stern, Newton & Peters, Ronald S. Stern,
Granby, for petitioner.

J.D. MacFarlane, Atty. Gen., Charles B.
Howe, Deputy Atty. Gen., Joel W. Cantrick,
Sol. Gen., William Levis, Asst. Atty. Gen.,
Denver, for respondents.

BERMAN, Judge.

Petitioner seeks review of a final order of
the Industrial Commission which disquali-
fied her from the receipt of unemployment
compensation benefits for twelve weeks
pursuant to Colo.Sess.Laws 1976, ch. 38,
§ 8–73–108(5)(g) at 345. Petitioner con-
tends that the Commission's decision is erro-
neous as a matter of law and is not sup-
ported by substantial evidence. We set
aside the order of the Commission.

Petitioner was employed as an assistant baker by the University of Colorado (employer). Witnesses for the employer testified that while petitioner was not promised the head baker's position upon his resignation, it was "understood" that she was training for it. According to petitioner and the head baker, petitioner performed the task of "mixing" (measuring and combining ingredients) only under the head baker's supervision because she was training for the position. However, when the head baker resigned petitioner did not get the job. She refused to mix when the new head baker told her to perform this task at a time when he would not be there to supervise her.

Petitioner contended that mixing was not listed in her job description and, in fact, was described as a duty of the next higher level. According to the employer, mixing was a part of petitioner's job description based on the requirement that the assistant baker perform "related work as assigned or required," and that under state personnel rules, a person could be asked to perform duties of the next higher level job on a temporary basis. Moreover, petitioner was asked to perform a task with which she was familiar.

The referee granted petitioner full benefits, concluding that she was justified in refusing to perform work that was not in her regular job classification. On appeal by the employer, the Industrial Commission reversed, finding that petitioner refused to perform a task which, while not explicitly listed within her job description, did fall within that description and was one she had previously performed. The Commission reduced petitioner's benefits pursuant to § 8–73–108(5)(g), now repealed and reenacted in similar form at § 8–73–108(9)(a)(VI), C.R.S.1973 (1982 Cum.Supp.), which provided for a reduced award where the employee left employment because of "Insubordination such as: Deliberate disobedience of a reasonable instruction of an employer or his duly authorized representative . . . ."

Petitioner contends that the Commission's finding that she was asked to perform the same task she had previously performed and that her refusal to do so was insubordination is not supported by the evidence. We agree.

Upon review by this court, the findings of fact of the Industrial Commission generally are conclusive. Section 8–74–107(4), C.R.S.1973 (1982 Cum.Supp.). However, the Commission's order may be set aside if there is not substantial evidence to support it. *Allen v. Industrial Commission,* 36 Colo.App. 330, 540 P.2d 358 (1975). Moreover, in applying the Unemployment Compensation Act the court's construction should favor the claimant. *Allen v. Industrial Commission, supra.*

The Commission based its finding that the instruction was reasonable on the evidence that petitioner had previously performed the task many times. However, the Commission ignored undisputed evidence establishing that the conditions under which the task was done were very different from those present on the date in question, and these different conditions affect the reasonableness of the instruction. The evidence is uncontroverted that on all previous occasions when petitioner mixed she did so for the purpose of training, and under the direct supervision of the head baker. However, under the new supervisor, she was to mix without the supervision or presence of the head baker. The employer in effect conceded that this could be done on a temporary basis only. Yet, the employer presented no testimony to refute that of petitioner and her witnesses that she was to do this on a regular basis. While petitioner's job description included performing "related work as assigned or required," it is unreasonable to expect a worker regularly to perform unsupervised tasks not within her work classification.

The order of the Commission is set aside and the cause is remanded to the Industrial Commission for entry of an order affirming the referee's order awarding petitioner full unemployment benefits under § 8–73–108(4), C.R.S.1973.

STERNBERG and COYTE,* JJ., concur.