Janice E. WARBURTON, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado); Mike L. Baca, Commissioner; Gary B. Rose, Commissioner; John J. McDonald, Commissioner; Colorado Department of Labor; Division of Labor and Employment, Division of Labor; Division of Employment and Training; Ruben Valdez, Director of the Division of Employment and Training of the State of Colorado; National Jewish Hospital at Denver (Employer); and Employer Unity (Employer Representative), Respondents.

No. 83CA1000.

Colorado Court of Appeals,
Div. II.

March 1, 1984.

Janice E. Warburton, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Lynn Palma, Asst. Atty. Gen., Denver, for respondents.

BERMAN, Judge.

Claimant, Janice E. Warburton, seeks review of a final order of the Industrial Commission denying her unemployment compensation benefits. We set aside the order.

Claimant was employed as a "coordinator of special therapies" for National Jewish Hospital (employer). Before she left on maternity leave she provided about eight hours of direct patient services per week and spent the rest of her time on planning and administration, including supervising two therapists. A few months before her return from leave she met with her supervisor who informed her that some changes had occurred in her absence. It was undisputed that claimant's direct service time was to be increased and her administrative duties cut proportionally; one of the therapists under her supervision had been transferred to another department and the other therapist was to participate in coordination and planning.

The employer's representative testified that claimant's administrative duties would be cut by approximately seven hours per week, while claimant stated that the cut would be greater. However, claimant's salary and title were to remain the same. Shortly before claimant was scheduled to return from leave, she submitted a letter of resignation. She stated that she was resigning because she considered the changes to be a demotion.

The deputy awarded claimant full benefits pursuant to § 8–73–108(4)(c), C.R.S. (1982 Cum.Supp.) (unsatisfactory working conditions), finding that the changed duties did not utilize claimant's experience and training. The referee reversed, finding on conflicting evidence that claimant's working conditions utilized her experience and training, were not unsatisfactory, and that the change did not result in working conditions substantially less favorable to claim-

ant. He concluded that claimant quit for personal reasons and denied benefits pursuant to § 8–73–108(8), C.R.S. (1982 Cum. Supp.). The Industrial Commission adopted and affirmed the findings and conclusions of the referee.

Claimant seeks review, contending that the facts support the application of § 8–73–108(4)(d), C.R.S. (1982 Cum.Supp.). We agree.

Section 8–73–108(4)(d) provides for a full award of benefits if a claimant resigns because of a substantial change in working conditions, where those conditions become substantially less favorable to the claimant. A substantial change occurs if a claimant is relieved of supervisory and administrative responsibilities, even if the claimant's salary remains the same. *Martinez v. Industrial Commission*, 657 P.2d 457 (Colo.App. 1982). We find the reasoning of *Martinez* to be persuasive here.

It is undisputed that claimant's administrative duties were to be cut, and reduced even further by being shared with a former subordinate, and that her supervisory responsibilities were cut in half by the staff reduction in her department. Under these circumstances, despite the fact that her job title and salary were to remain the same, the change in claimant's working conditions constituted a demotion, and she is therefore entitled to a full award of unemployment benefits pursuant to § 8–73–108(4)(d), C.R.S. (1982 Cum.Supp.). *See Martinez v. Industrial Commission, supra; see also Industrial Commission v. McIntyre*, 162 Colo. 227, 425 P.2d 279 (1967).

The order is set aside and the cause is remanded with directions to award claimant full unemployment benefits.

KELLY and BABCOCK, JJ., concur.