**Linnie JENNINGS, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado), Colorado Division of Employment and Training and the Salvation Army, Respondents.**

**No. 83CA0274.**

Colorado Court of Appeals,
Div. IV.

May 17, 1984.

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Colorado Div. of Employment and Training.

Sherman & Howard, Mary Volk Gregory, Denver, for respondent The Salvation Army.

COYTE, Judge.[*]

Linnie Jennings (claimant) seeks review of a final order of the Industrial Commission denying her unemployment benefits pursuant to § 8-73-108(9)(a)(I), C.R.S.1973 (1983 Cum.Supp.) (quitting because of dissatisfaction with working conditions). We affirm the order.

Claimant was employed by the Salvation Army (employer) as a social worker in No-

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24-51-607(5), C.R.S. (1982 Repl.Vol. 10).

vember 1980. She counseled indigents experiencing social problems. The Salvation Army has waived its claim of statutory exemption. Thus, her claim will be decided on the substantive issue presented.

The evidence reveals that in November 1981 claimant noticed a sharp increase in the number of clients requiring services, and she was required to deal with more clients suffering from serious mental disturbances. This increased case load resulted in more altercations between clients present to be interviewed. Claimant testified that she quit her job in June 1982 because of the "change in working conditions" caused by the increased caseload.

The employer's witness admitted that claimant's caseload had increased. However, he stated that conditions were the same for the employer's other social worker. He also stated that claimant was given a 10 percent raise in January 1982.

The Commission found that claimant did not quit until seven months after she noticed the increased caseload and that conditions were the same for the other social worker; therefore, it applied § 8–73–108(9)(a)(I).

Citing *Industrial Commission v. McIntyre*, 162 Colo. 227, 425 P.2d 279 (1967), claimant contends that the Commission erred in applying § 8–73–108(9)(a)(I) because her termination followed a substantial change in working conditions. Claimant argues that she is entitled to a full award of benefits under § 8–73–108(4)(d), C.R.S.1973 (1983 Cum.Supp.). We reject these contentions.

*McIntyre* does preclude application of § 8–73–108(9)(a)(I) when termination follows a substantial change in duties or work environment. *Martinez v. Industrial Commission*, 657 P.2d 457 (Colo.App.1982). However, *McIntyre* does not preclude an employee from acquiescing in changes, thereby establishing new "standard working conditions," and it does bar benefits if a claimant quits because of dissatisfaction with standard working conditions or regularly assigned duties.

Here, the Commission implicitly found that claimant had acquiesced in the increased caseload. Thus, by June 1982, the increased caseload was a standard working condition. This conclusion was supported by evidence that claimant worked for seven months after she noticed the increase and accepted an intervening pay raise.

The Commission's application of § 8–73–108(9)(a)(I) is supported by substantial evidence in the record, and thus, it may not be disturbed on review. *Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981).

Order affirmed.

ENOCH, C.J., and LEE*, J., concur.