**Linda S. MUSGRAVE, Petitioner,**

v.

**EBEN EZER LUTHERAN INSTITUTE and the Industrial Commission of the State of Colorado, Respondents.**

**No. 86CA0446.**

Colorado Court of Appeals, Div. III.

Oct. 23, 1986.

Ann M. la Plante, Colorado Rural Legal Services, Inc., Greeley, for petitioner.

Brandenburg & Schultz, Helena Schultz, Brush, for respondent Eben Ezer Lutheran Institute.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz-Hernandez, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

BABCOCK, Judge.

Linda S. Musgrave, claimant, seeks review of a final order of the Industrial Commission (Commission) disqualifying her from receiving unemployment compensation benefits. We set aside the order, and remand for further findings.

Claimant was employed as dietary department head at Eben Ezer Lutheran Institute (employer). Pursuant to a management reorganization of this department, claimant's responsibilities were divided, her salary cut, and her title and job changed to co-department head.

A month and a half later, claimant's supervisor showed her a letter citing deficiencies in her performance, which claimant disputed, and requesting remedial action within 30 days. When claimant attempted to discuss the letter, the supervisor was unavailable, and he refused to let her have a copy of it. Fearing her supervisor was developing a case to discharge her, claimant did not pursue employer's internal grievance procedures, but quit two weeks later.

The deputy initially determined that although claimant resigned because of dissatisfaction with her supervisor, the supervisor's actions were unreasonable and need not have been tolerated by claimant. She was awarded full benefits, and the employer appealed the decision.

The hearing officer found that claimant quit after reading the letter criticizing her job performance. He further found that, although claimant was dissatisfied with her supervisor's actions, she did not discuss the matter with him or utilize the employer's internal grievance procedures. Based on these findings, the hearing officer disqual-

ified her from receiving benefits under § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B).

Section 8–73–108(5)(e)(I) provides that an employee is disqualified from receiving benefits if the employee quits because of dissatisfaction with "standard working conditions." Relying on *Martinez v. Industrial Commission*, 657 P.2d 457 (Colo.App. 1982), and *Warburton v. Industrial Commission*, 678 P.2d 1076 (Colo.App.1984), claimant contends that, since she quit subsequent to a substantial unfavorable change in her working conditions, the Commission erred in not awarding her full benefits pursuant to § 8–73–108(4)(d), C.R.S. (1986 Repl.Vol. 3B).

Section 8–73–108(4)(d), C.R.S. (1986 Repl.Vol. 3B) provides for a full award of benefits if a claimant resigns because of a substantial change in working conditions that is less favorable to the claimant. A change in duties or demotion is a substantial change in working conditions less favorable to claimant, *Martinez v. Industrial Commission, supra*, as is the situation in which a claimant has been relieved of administrative or supervisory responsibilities, *Warburton v. Industrial Commission, supra*, and as is a reduction in salary. *Cf.* § 8–73–108(4)(e), C.R.S. (1986 Repl.Vol. 3B).

If an employee's termination follows such a substantial change in working conditions, the statutory provision concerning dissatisfaction with standard working conditions is inapplicable. *Martinez v. Industrial Commission, supra; Industrial Commission v. McIntyre*, 162 Colo. 227, 425 P.2d 279 (1967). However, this does not preclude an employee from acquiescing in changes, thereby establishing new "standard working conditions," and it may bar benefits if the claimant thereafter quits because of dissatisfaction with the new working conditions. *Jennings v. Industrial Commission*, 682 P.2d 518 (Colo.App. 1984).

Because the claimant had suffered a "substantial change in working conditions," the Commission incorrectly disqualified claimant under § 8–73–108(5)(e)(I). *See Martinez v. Industrial Commission, supra; Warburton v. Industrial Commission, supra; Industrial Commission v. McIntyre, supra.* Moreover, the Commission made no findings on whether claimant had acquiesced in the new working conditions and, thus, had no basis for applying § 8–73–108(5)(e)(I) to disqualify claimant.

Claimant correctly argues that her failure to pursue employer's grievance procedures and discussions with her supervisor should not have been dispositive of her eligibility for benefits. Neither course of action is required by statute as a prerequisite to an award of benefits.

An order may be set aside if it is not supported by sufficient findings of fact. *Stern v. Industrial Commission*, 667 P.2d 244 (Colo.App.1983). Because the Commission failed to make the necessary findings to support a denial of benefits, the order is set aside and the cause is remanded to the Industrial Claim Appeals Office for further findings consistent with this opinion.

VAN CISE and METZGER, JJ., concur.