Christine A.
LARSEN–OLDAKER, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Butler Computer Graphics, Respondents.

No. 86CA0378.

Colorado Court of Appeals,
Div. III.

Feb. 12, 1987.

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

James D. King & Associates, P.C., Joan Garden Cooper, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

Mark W. Gerganov, Denver, for respondent Butler Computer Graphics.

METZGER, Judge.

Christine A. Larsen-Oldaker, claimant, seeks review of a final order of the Industrial Commission which disqualified her from receiving unemployment benefits. We set aside the order and remand for further findings.

Claimant was employed as senior layout technician for Butler Computer Graphics (employer). Claimant's supervisor testified that, shortly after she was placed in claimant's department, she became concerned about claimant's frequent tardiness, her attitude about certain work standards and functions, her ability to follow instructions given by senior staff members, and her general job performance. Within a three month period, the supervisor gave claimant two written reviews, noting various deficiencies in claimant's work performance and one corrective action concerning claimant's tardiness. She also discussed the issues with claimant. Not finding the necessary improvement in the noted problem areas, the supervisor then gave claimant a final written warning and initiated proceedings to demote her to a technician II position, which entailed a decrease in pay and in job responsibilities. Claimant then quit her employment.

Claimant testified that her supervisor was constantly hypercritical of her performance, that she wrote up issues without first discussing them with claimant, that she did not attempt to listen to claimant's explanation of events, and that claimant felt her supervisor was, in essence, trying to set her up for some kind of disciplinary action. She further testified that she tried to improve her performance and failed to complain or appeal her supervisor's oral or written actions because she felt that the questioned events were based on misunderstandings and could be resolved. Claimant finally testified that she quit rather than accept the demotion, particularly after learning there was little chance for a transfer to a different department, and that she would continue to be working under the same supervisor. She did not pursue employer's internal grievance or appeal procedures on either the corrective action or the demotion.

The Commission found that claimant quit after being informed that her position was to be downgraded. However, it further found that, because she did not pursue the internal appeal rights available to her prior to quitting, she could not be granted a full award of benefits. Consequently, the Commission disqualified claimant from receiving benefits pursuant to § 8–73–108(5)(e)(I), C.R.S. (1986 Repl. Vol. 3B), which provides that an employee is disqualified from receiving benefits if the employee quits because of dissatisfaction with "standard working conditions."

## I.

Claimant first contends that her right to have counsel represent her was effectively denied when the hearing officer advised her prior to the hearing that she did not need an attorney. We disagree.

■ Although the unemployment act allows a party to be represented by an attorney at the hearing, it does not require counsel for parties to be present, nor does it automatically mandate a continuance if a party appears without an attorney and fails to request a continuance in order to have one present. *Snelling & Snelling v. Industrial Commission*, 495 P.2d 1150 (Colo. App.1972) (not selected for official publication); *see* § 8–74–106(1)(e), C.R.S. (1986 Repl.Vol. 3B).

■ There is no evidence in the record that claimant expressed a desire to have an attorney represent her or that she request-

ed a continuance to obtain one. Thus, based on this record, we find claimant's contention to be without merit.

## II.

■ Claimant next contends that her failure to pursue employer's grievance procedures should not be dispositive of her eligibility for benefits. We agree. The pursuit of such a course of action is not required by statute as a prerequisite to an award of benefits. *Musgrave v. Eben Ezer Lutheran Institute,* 731 P.2d 142 (Colo. App.1986).

## III.

Finally, claimant contends that, since she quit subsequent to a substantial unfavorable change in her working conditions, the Commission erred in disqualifying her from the receipt of benefits pursuant to § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B) (dissatisfaction with standard working conditions).

■ In general, if an employee's separation follows a substantial change in working conditions, the statutory provision concerning dissatisfaction with standard working conditions is inapplicable. *Martinez v. Industrial Commission,* 657 P.2d 457 (Colo.App.1982); *Industrial Commission v. McIntyre,* 162 Colo. 227, 425 P.2d 279 (1967). Here, there is evidence that a substantial change in claimant's working conditions occurred as a result of her demotion. Further, the evidence is undisputed that claimant quit her employment because of the change in working conditions, the demotion. Consequently, we agree with claimant that the Commission erred in applying § 8–73–108(5)(e)(I) to disqualify her from receiving benefits.

■ However, there is further evidence that the cause of claimant's change in working conditions, *i.e.,* her demotion, was conduct by claimant herself which could have disqualified her from being entitled to benefits pursuant to § 8–73–108(5)(e)(VI) or (XX), C.R.S. (1986 Repl.Vol. 3B), namely: excessive tardiness, failure to meet established job performance or other defined

standards, or insubordination. Hence, if the evidence supports a conclusion that claimant's change in working conditions, and therefore her separation, resulted from conduct by claimant that would fall within the disqualifying provisions of the statute, then claimant is subject to the maximum disqualification from the receipt of benefits.

An order may be set aside if it is not supported by sufficient findings of fact. *Stern v. Industrial Commission,* 667 P.2d 244 (Colo.App.1983). The Commission made no findings concerning the reasons for claimant's separation from employment.

Accordingly, the order is set aside and the cause is remanded to the Industrial Claim Appeals Office for remand to a hearing officer to reconsider the evidence and enter new findings and conclusions consistent with the views expressed in this opinion.

VAN CISE and BABCOCK, JJ., concur.