Monard A. NIMMO, Petitioner,

v.

TOWN OF MONUMENT, and the Industrial Commission of the State of Colorado, Respondents.

No. 86CA1252.

Colorado Court of Appeals, Div. II.

March 26, 1987.

Cole, Hecox, Tolley, Keene & Beltz, P.C., Thomas L. Kennedy, Colorado Springs, for petitioner.

Don H. Meinhold, P.C., Don H. Meinhold, Colorado Springs, for respondent Town of Monument.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

SMITH, Judge.

Unemployment compensation claimant, Monard Nimmo, seeks review of an order of the Industrial Commission awarding reduced benefits on the basis that his termi-

nation fell within § 8–73–108(5)(e)(I), C.R.S. (1986 Repl. Vol. 3B) (dissatisfaction with standard working conditions.) We set aside the order.

When claimant was employed as an assistant maintenance supervisor for the town of Monument, he was placed on probation for six months pursuant to the town's personnel rules. After six months, claimant's supervisor recommended to the town council that claimant be granted permanent status, be removed from probation, and be given a pay raise of $100 a month. Instead, the town council abolished the position of assistant maintenance supervisor, but retained claimant as a permanent maintenance worker at the same pay level as a probationary assistant maintenance supervisor.

Shortly thereafter claimant filed a grievance with the town personnel board, and when that proved unsuccessful filed suit in district court alleging a breach of employment contract. Claimant testified that as a maintenance worker he no longer spent two days a week supervising other employees and allocating tasks, but that the remainder of his duties remained essentially the same at first. However, claimant stated that after the maintenance supervisor left, he was asked to do many trivial errands for the town administrator, and was removed from working on the water system. He also testified that approximately one month after the supervisor left, the town council promoted claimant's co-worker to maintenance supervisor even though claimant had been informed that the job would remain open indefinitely. When claimant was informed of that promotion, he quit.

Since claimant's old position was abolished and since claimant's duties other than supervision were unchanged, the referee found no substantial change in claimant's working conditions. The referee further found that the claimant acquiesced in the change by continuing to work for the employer for six months. The referee, therefore, ordered a maximum reduction in benefits. The Industrial Commission adopted and affirmed the referee's decision, and the Industrial Claim Appeals Panel ordered that the Commission's order remain in effect.

On review, claimant contends that the Commission erred in applying § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B), because the claimant's separation from employment followed a change in job duties. We agree.

■ A finding that a claimant quit because of dissatisfaction with standard working conditions is proper only when there has been no substantial change in working conditions or duties. *Martinez v. Industrial Commission*, 657 P.2d 457 (Colo.App.1982). A change in job title is sufficient to constitute a substantial change in working conditions, *see Martinez v. Industrial Commission, supra,* as is the removal of supervisory duties, even if the claimant's rate of pay remains the same. *Warburton v. Industrial Commission,* 678 P.2d 1076 (Colo.App.1984).

■ Here, it was undisputed that claimant's job title had changed and that he had been relieved of his supervisory responsibilities. Therefore, the Commission erred when it found no substantial change in working conditions.

Claimant also contends that there was insufficient evidence to support the Commission's finding that claimant had acquiesced in the changes that occurred. We agree.

■ Even if there has been a substantial change in working conditions, a claimant can acquiesce in the changes and thereby establish new standard working conditions. *Jennings v. Industrial Commission*, 682 P.2d 518 (Colo.App.1984).

■ Here, however, the only support for the finding that claimant acquiesced in the new working conditions is the fact that he continued to work for the employer for six months after the change occurred. In the face of the undisputed evidence that claim-

ant filed a grievance and a district court action protesting the change, the evidence of his continued employment is insufficient as a matter of law to establish acquiescence. Therefore, claimant has established that he quit because of a substantial change in working conditions, and is entitled to full benefits.

The order is set aside and the cause is remanded to the Industrial Claim Appeals Office with directions to award claimant full benefits pursuant to § 8–73–108(4)(d), C.R.S. (1986 Repl.Vol. 3B).

TURSI and BABCOCK, JJ., concur.