**Donald M. VOISINET, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and South Suburban Recreation and Park, Respondents.**

**No. 87CA1527.**

Colorado Court of Appeals, Div. III.

May 12, 1988.

172

Chris Voisinet, Breckenridge, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office of the State of Colo.

No appearance for respondent South Suburban Recreation and Park.

HUME, Judge.

Donald M. Voisinet, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified him from the receipt of unemployment compensation benefits. We affirm.

Claimant contends the Panel erred in not considering the supplemental evidence he tendered on appeal. We disagree.

Section 8–74–104(2), C.R.S. (1986 Repl. Vol. 3B) authorizes the Panel to review a hearing officer's decision. Claimant correctly asserts that prior to the repeal and reenactment of § 8–74–104, C.R.S., in 1986, when the General Assembly replaced the Industrial Commission with the Panel, this statute granted the Industrial Commission, when reviewing a hearing officer's decision, the authority either to take additional evidence or to remand for the taking of additional evidence. *See* Colo.Sess.Laws 1981, ch. 89 at 485. However, the 1986 statutory amendment denied the Panel the right to take, or order the taking of, additional evidence, and limited its review to the record made before the hearing officer. Section 8–74–104(2), C.R.S. (1986 Repl.Vol. 3B); *see Clark v. Colorado State University*, 87CA1329 (Colo.App.1988).

Contrary to claimant's assertions, this restriction on the Panel's scope of review is not enhanced by, nor in conflict with, the provisions of § 8–74–106(1)(f)(II), C.R.S. (1986 Repl.Vol. 3B), which does not concern the Panel's authority but instead sets forth the procedures and evidentiary rules for the hearing officer to utilize in conducting hearings.

Further, the provisions of § 8–74–104(2), C.R.S. (1986 Rep.Vol. 3B) are not altered by any regulations. To the extent Regulations 11.2.16 or 12.1.6, 7 Code Colo.Reg. 1101–2 purport to grant the Panel, as the replacement agency for the Industrial Commission, authority to take additional evidence on review, they are inconsistent and in conflict with § 8–74–104(2), C.R.S. (1986 Rep.Vol. 3B) and are therefore void. *See Miller International, Inc. v. Department of Revenue*, 646 P.2d 341 (Colo.1982); *Cohen v. Department of Revenue*, 197 Colo. 385, 593 P.2d 957 (1979).

Consequently, we find no error in the Panel's refusal to consider the supplemental evidence tendered by claimant.

Claimant further contends he should have been granted a continuance to retain counsel. Again, we disagree.

Section 8–74–106(1)(e), C.R.S. (1986 Repl. Vol. 3B) allows, but does not require, representation by counsel at the hearing. We noted in *Larsen–Oldaker v. Industrial Commission*, 735 P.2d 209 (Colo.App.1987) that a party's appearance and failure to request a continuance at a hearing was a factor to be considered on appeal. However, we did not hold that such requests, if made, automatically would be granted.

The decision to grant a continuance based upon a request for counsel lies within the discretion of the hearing officer, who must weigh the nature of the proceedings, the timeliness of the request, the reasons justifying the continuance, and the prejudicial or disruptive effect which might be caused by the requested continuance. *See People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986); Regulation 11.2.12, 7 Code Colo.Reg. 1101–2.

Here, claimant was informed, through the notice of hearing and employer's notice of appeal, that he could be represented by counsel if he so desired, that hearing postponements would be granted only in cases of emergency, and that employer would have representation at the hearing. Therefore, claimant had ample opportunity, if he so desired, to be present with counsel at the hearing. And, since claimant's request here was premised only upon employer's having appeared with counsel, we find no abuse of discretion or denial of due process in the hearing officer's refusal to grant that request. *See People in Interest of M.M., supra;* Regulation 11.2.12, *supra.*

Order affirmed.

STERNBERG and METZGER, JJ., concur.