**Ralph W. COLLINS, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, and L.P.W., Incorporated, Respondents.**

No. 90CA0810.

Colorado Court of Appeals, Div. III.

Feb. 28, 1991.

Rehearing Denied March 28, 1991.

Certiorari Denied July 29, 1991.

Pikes Peak Legal Services, Leo L. Finkelstein, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol A. Finley, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

No appearance for respondent L.P.W., Inc.

Opinion by Judge METZGER.

Ralph W. Collins, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified him from the receipt of unemployment benefits. We affirm.

Claimant worked as a paving crew foreman for L.P.W., Incorporated, a paving company. In March 1989, because of an economic downturn, the employer reduced the wages of all employees by 10 percent and increased the employee contribution amount for health insurance coverage. On or about April 30, 1989, claimant quit because he had been offered what he considered to be a better job with another paving company. In September 1989, he separated from employment with that company. On October 23, 1989, he filed a claim for unemployment compensation.

The hearing officer found, among other things, that claimant did not meet the criteria for a full award pursuant to § 8–73–108(4)(f), C.R.S. (1990 Cum.Supp.) and disqualified him from the receipt of benefits pursuant to § 8–73–108(5)(e), C.R.S. (1990 Cum.Supp.). The Panel affirmed.

### I.

Claimant argues that when he quit his job with L.P.W. in March 1989 he satisfied the criteria of § 8–73–108(4)(f) as it then existed, and therefore, he would have been entitled to benefits at that time. Consequently, he argues, when the Panel applied the amended version of § 8–73–108(4)(f) to deny him benefits, it improperly applied the statute retrospectively in violation of Colo. Const. art. II, § 11. We disagree.

Before July 1, 1989, a worker who quit to accept a better job was entitled to a full award of benefits. *See* § 8–73–108(4)(f), C.R.S. (1986 Repl.Vol. 3B). However, by an amendment effective July 1, 1989, the General Assembly changed the statute to provide that only construction workers who quit to accept better construction jobs under certain circumstances were entitled to an award of full benefits. *See* Colo.Sess. Laws 1989, ch. 72 at 427–28. By virtue of that amendment, all other workers who quit to accept other jobs could no longer seek benefits on that basis. Colo.Sess. Laws 1989, ch. 72 at 427–28.

Colo. Const. art. II, § 11, prohibits any law "retrospective in its operation." A statute operates retrospectively if it impairs vested rights, imposes a new duty, or attaches a new disability in respect to transactions already past. *Martin v. Board of Assessment Appeals*, 707 P.2d 348 (Colo.1985).

A statute is not retrospective merely because some of the facts upon which it operates occurred before its adoption. *See Dailey, Goodwin & O'Leary, P.C. v. Division of Employment*, 40 Colo.App. 256, 572 P.2d 853 (1977); *Tucker v. Claimants in re Death of Gonzales*, 37 Colo.App. 252, 546 P.2d 1271 (1975).

Claimant does not contend that he was a construction worker. And, his right to seek unemployment benefits, to which the Panel applied the amended version of § 8–73–108(4)(f), did not accrue until September 1989, one week after claimant became unemployed from his job with the second paving company. *See Baldwin v. Industrial Claim Appeals Office*, 813 P.2d 807 (Colo.App.1991). This was well after the July 1, 1989, effective date of the amended version of § 8–73–108(4)(f). Con-

sequently, there was no attempt to attach a new disability to a past transaction.

Additionally, according to the provisions of § 8–73–108(4)(f), as it existed prior to the July 1, 1989, amendment, quitting one job for what a claimant considered to be a better job was only one of many criteria which a claimant was required to satisfy in order to be entitled to benefits. Consequently, pursuant to the previous version of § 8–73–108(4)(f), entitlement to benefits based on a separation from employment because of acceptance of a better job could not be determined until there had been a separation from the better job. *See* § 8–73–108(4)(f)(VII), C.R.S. (1986 Repl. Vol. 3B).

Therefore, contrary to claimant's argument, his right, if any, to benefits based on his separation from L.P.W. in March 1989 did not "accrue" at that time. Any entitlement to further benefits could not have been known or established until one week after he separated from his "better" job in September 1989. Only then could a determination be made whether claimant satisfied all the criteria of the previous version of § 8–73–108(4)(f). We therefore reject claimant's argument that he was entitled to benefits in March 1989, simply because he quit his job at L.P.W. for what he considered to be a better job.

## II.

We also disagree with claimant's related contention that he was erroneously determined to be ineligible for benefits because of conduct that was not his fault, in contravention of § 8–73–108(1)(a), C.R.S. (1986 Repl.Vol. 3B). Claimant notes that, at the time he voluntarily terminated his employment with L.P.W. in March, 1989, the version of § 8–73–108(4)(f) then in effect would have allowed him to receive benefits if he remained at his better job for at least 90 days before termination. Therefore, he argues, the Panel's application of the amended version of § 8–73–108(4)(f) effectively transformed conduct which was not fault into conduct which was fault, thus violating the prohibition against retrospective legislation. We disagree.

As used in the statutory scheme governing unemployment, "fault" is a term of art. In determining a claimant's entitlement to benefits, it is defined and applied as a factor separate and apart from the qualifying and disqualifying sections found at § 8–73–108(4) and (5), C.R.S. (1986 Repl. Vol. 3B). *See Gonzales v. Industrial Commission,* 740 P.2d 999 (Colo.1987); *Zelingers v. Industrial Commission,* 679 P.2d 608 (Colo.App.1984); § 8–73–108(1)(a), C.R.S. (1986 Repl.Vol. 3B). Consequently, the qualifying and disqualifying sections are not couched in terms of "fault."

Instead, "fault," which has been defined as a volitional act or the exercise of some control in light of the totality of the circumstances, is used as a factor to determine whether the claimant or the employer is responsible overall for the claimant's separation from employment. *Gonzales v. Industrial Commission, supra.* Even if the findings of the hearing officer support the application of one of the disqualifying sections, a claimant may still be entitled to benefits if the totality of circumstances supports the conclusion that claimant was not "at fault" in his separation. *See Gonzales v. Industrial Commission, supra.* Given this statutory scheme, we therefore find no merit to claimant's argument that application of the amended version of § 8–73–108(4)(f) turned his concededly volitional conduct into "fault" as it has been defined and applied in the unemployment act.

## III.

Claimant also contends that the Panel erred in failing to award him benefits pursuant to § 8–73–108(4)(d), C.R.S. (1986 Repl.Vol. 3B) (quit following substantial, unfavorable change in working conditions). We find no error.

Section § 8–73–108(4)(d) provides that a claimant may be awarded full benefits if he or she quits because of substantial changes in working conditions if the changes are substantially less favorable to the claimant. However, the statute also provides that no change in working conditions shall be con-

sidered substantial if it is determined by the Division of Employment that the conditions prevailing after the change are those generally prevailing for other workers performing the same or similar work.

Here, the hearing officer made a specific finding that changes similar to those imposed on claimant were made in the rates of pay and the working conditions for all other persons working for L.P.W. at that time. He also determined that the change occurred due to a general slowdown in the Colorado Springs economy.

Furthermore, the hearing officer specifically found that claimant had accepted the changes. *See Jennings v. Industrial Commission*, 682 P.2d 518 (Colo.App.1984). Claimant testified that he agreed to remain as an employee unless "something else came along." There is no evidence that claimant protested these reductions, or commenced any legal proceedings. *Cf. Nimmo v. Town of Monument*, 736 P.2d 435 (Colo.App.1987). He did not seek other employment, and he accepted the offered employment with the second paving company because he considered it to be a better job.

These findings, supported by substantial evidence, may not be disturbed on review. *See Mohawk Data Sciences Corp. v. Industrial Commission*, 660 P.2d 922 (Colo. App.1983). Consequently, the Panel's refusal to award claimant benefits pursuant to § 8–73–108(4)(d) was not error.

## IV.

For the same reasons, we reject claimant's contention that the findings more appropriately supported an award of benefits under § 8–73–108(4)(e), C.R.S. (1986 Repl. Vol. 3B).

Order affirmed.

NEY and RULAND, JJ., concur.