Augusto **PADILLA**, III, Petitioner,

v.

**DIGITAL EQUIPMENT CORPORATION, Liberty Mutual Insurance Company, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 93CA1536.

Colorado Court of Appeals, Div. II.

Dec. 29, 1994.*

As Modified on Denial of Rehearing Dec. 29, 1994.

Certiorari Granted Sept. 25, 1995.**

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

* Opinion previously announced as non-published November 10, 1994, is now selected for publication.

** Petition for Writ of Certiorari GRANTED, and the judgment of the Colorado Court of Appeals

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, for petitioner.

Law Office of Kent L. Yarbrough, David T. McCall, Denver, for respondent Digital Equip. Corp. and Liberty Mut. Ins. Co.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge HUME.

Petitioner, Augusto Padilla, seeks review of a final order of the Industrial Claim Appeals Panel which denied petitioner any award of temporary total disability benefits. We affirm the Panel.

Petitioner suffered an occupational injury while in the employ of respondent Digital Equipment Corporation. As a result, petitioner was physically restricted from performing his regular duties but continued in respondent's employ in a limited duty capacity commensurate with his ability.

Petitioner was terminated from employment on April 7, 1992. The Administrative Law Judge (ALJ) concluded petitioner's termination was due to his falsification of a time card, and since this act was not related to a compensable injury, he was not entitled to temporary benefits. The Panel affirmed, agreeing that petitioner was responsible for the termination.

On review, petitioner argues that no legal standard defining a concept of responsible fault has been articulated for application to this context. Consequently, petitioner as-

is vacated. The case is remanded to the Colorado Court of Appeals for reconsideration in light of *PDM Molding, Inc. v. Stanberg,* 898 P.2d 542 (Colo. 1995).

serts the ALJ and Panel arbitrarily applied an *ad hoc* standard of fault, and thus, the Panel's decision must be reversed. We perceive no error.

■ Temporary disability benefits are designed to protect an injured worker against lost wages or impaired earning capacity arising from a compensable injury. *Roe v. Industrial Commission*, 734 P.2d 138 (Colo. App.1986); §§ 8-42-105 and 8-42-106, C.R.S. (1994 Cum.Supp.). If intervening events indicate wage loss or impaired earning capacity have resulted from factors other than the compensable injury, then benefits may be suspended or denied. *Roe v. Industrial Commission, supra.*

In *Monfort of Colorado v. Husson*, 725 P.2d 67 (Colo.App.1986), *rev'd on other grounds sub nom. Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989), the court considered the question of whether wage loss can still be said to emanate from an industrial injury when a claimant's termination intervenes between injury and wage loss. The court determined that the issue of fault with reference to the termination was the dispositive consideration, and that under the Workers' Compensation Act, now §§ 8-40-101 et seq., C.R.S. (1994 Cum.Supp.), the General Assembly intended there to be compensable wage loss following a termination only if the employee was not at fault in the circumstances. The court also concluded that, if an injured employee is found at fault for his termination, any subsequent wage loss is caused not by the injury, but by the employee's act which led to the termination. Resolution of the issue in *Monfort of Colorado v. Husson, supra*, thus turned upon whether, under the circumstances, the employee's termination was warranted.

■ We agree that, if the record shows a claimant's voluntary conduct caused his termination and the injury plays no part in the discharge, then the record will not support a finding of compensable injury. Conversely, the responsibility for an injured claimant's unemployment appropriately rests with the employer when the claimant is discharged through no fault of his own. *Lunsford v. Sawatsky*, 780 P.2d 76 (Colo.App.1989); *see also* A. Larson, *Workmen's Compensation Law* § 57.64(a) (1993).

In this regard, the construction given the concept of fault and its volitional nature in the unemployment insurance context is illustrative and instructive. Fault so construed is not necessarily related to culpability, but requires a volitional act or the exercise of some control in light of the totality of the circumstances. *See Gonzales v. Industrial Commission*, 740 P.2d 999 (Colo.1987); *Keil v. Industrial Claim Appeals Office*, 847 P.2d 235 (Colo.App.1993); *Collins v. Industrial Claim Appeals Office*, 813 P.2d 804 (Colo. App.1991).

■ Thus, at a minimum, to be deemed at fault or responsible for his discharge, a claimant must have performed some volitional act or otherwise exercised a degree of control over the circumstances resulting in the termination. As noted by the Panel, this concept is broad, and turns upon the specific facts of any given separation from employment. *See Keil v. Industrial Claim Appeals Office, supra.*

■ Here, the ALJ found that petitioner was advised that falsification of time cards was considered grounds for termination, that he had been previously warned against falsification, and that he was terminated for his subsequent conduct falsifying time cards, which conduct justified termination and was not in any way attributable to his industrial injury. Relying upon the principles articulated in *Monfort of Colorado v. Husson, supra*, the ALJ concluded petitioner was at fault for causing his own termination. The Panel concurred, concluding the record fully supported the ALJ's determination that petitioner was terminated as the result of his own conduct in light of the concepts of fault discussed in *Monfort of Colorado v. Husson, supra*, and pertinent unemployment insurance decisions treating the concept of fault.

We are satisfied that the ALJ and the Panel properly articulated and applied the

correct legal standard here. Since the ALJ's findings as affirmed by the Panel are supported by substantial evidence, and since those findings support the order, the order will not be disturbed upon judicial review. Section 8–43–308, C.R.S. (1994 Cum.Supp.).

Order affirmed.

PLANK and ROY, JJ., concur.