**Augusto PADILLA, III, Petitioner,**

v.

**DIGITAL EQUIPMENT CORPORATION, Liberty Mutual Insurance Company, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 93CA1536.

Colorado Court of Appeals, Div. II.

Nov. 24, 1995.

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, for Petitioner.

Law Office of Kent L. Yarbrough, David T. McCall, Denver, for Respondent Digital Equipment Corporation and Liberty Mutual Insurance Company.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, James C. Klein, Assistant Attorney General, Denver, for Respondent Industrial Claim Appeals Office.

Opinion by Judge HUME.

This matter is before us for reconsideration, after remand from the supreme court, of our decision in *Padilla v. Digital Equipment Corp.*, 902 P.2d 414 (Colo.App.1994). Pursuant to the supreme court's directions on remand, our reconsideration is focused upon the effect of the court's holding in *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542 (Colo.1995) upon our decision in *Padilla, supra*. We remand for further proceedings.

In *PDM Molding, supra*, the supreme court held that an employee terminated for fault following a work-related injury is not automatically precluded from receiving temporary total disability benefits. After termination for fault is established, the employee may nevertheless demonstrate, by a preponderance of the evidence, that his or her work-related injury contributed in some degree to a post-discharge wage loss, thus entitling the employee to temporary total disability benefits.

Upon reconsideration of the record in this case, we are satisfied that neither the Administrative Law Judge (ALJ) nor the Industrial Claim Appeals Panel considered the impact, if any, of claimant's injury upon his post-discharge wage loss. Although claimant offered his opinion, at the hearing before the ALJ, that his inability to find work following his discharge was attributable to his injury, that evidence was not addressed or considered germane to the issues as then framed. In addition, further development of the evidentiary record pertaining to the cause(s) of claimant's wage loss may be necessary.

Accordingly, since no findings were made as to whether claimant's work-related injury contributed in part to his post-termination wage loss, the cause is remanded to the Panel for such further proceedings as may be necessary to determine that issue as required by *PDM Molding, Inc. v. Stanberg, supra*.

PLANK and ROY, JJ., concur.